UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81165-CIV-SMITH

TAYLOR ANN LAMERSON,

    Plaintiff,
v.

WALMART STORES, INC.,

    Defendant.
_____/

## ORDER REMANDING CASE

THIS MATTER is before the Court on a *sua sponte* review of the record. It is a fundamental principle of law that "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400–01 (11th Cir. 2000) (citation omitted). "Thus, even if the litigants do not question the court's jurisdiction, the court must inquire into its jurisdictional basis *sua sponte*." *Id.*

Plaintiff filed this action in state court in Palm Beach County, Florida, on July 15, 2019. The Complaint alleges one cause of action against the Defendant for violation of the Florida Deceptive and Unfair Trade Practices Act, 501.201 *et seq*. Compl. [DE 1-1] at 7-8. Plaintiff alleges that Defendant deceptively marketed and sold the product Roundup, and failed to warn consumers about the carcinogenic properties of the product. *Id.* at 2-8. Plaintiff seeks "injunctive relief and declaratory relief, actual damages of no more than $5000, exclusive of interest [and] costs, and [] attorney's fees and costs . . . pursuant to section 501.211(2), Florida Statutes." *Id.* at 1, 9. Plaintiff is a resident of Palm Beach County, Florida. *Id.* ¶ 2. "Defendant is a corporation incorporated under the laws of the State of Delaware, and has its corporate headquarters, where its

officers direct, control, and coordinate the corporation's activities, in the State of Arkansas." Not. of Removal [DE 1] ¶ 12. Defendant removed this action to federal court on August 16, 2019 on the basis of diversity jurisdiction.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citation omitted). A party that removes a state court action to federal court bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement, the court may look to the notice of removal and any evidence submitted by the parties. *See id.* Removal statutes are strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). A court may rely on its judicial experience and common sense when determining whether a claim satisfies the amount-in-controversy requirement. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

It is evident from the record that the parties are "citizens of different States," within the meaning of section 1332(a)(1). The issue lies with the amount-in-controversy requirement. Plaintiff only alleges $5000 in specific monetary damages. However, as Defendant correctly notes, "[w]hen a statute authorizes the recovery of attorney's fees, and the plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Parker v. Scottsdale Ins. Co.*, No. 18-24340-CIV, 2019 WL 409039, at *2 (S.D. Fla. Feb. 1, 2019). To establish that attorney's fees in this case would raise the amount in controversy to an amount in excess of $75,000, Defendant argues that:

> In this case, based upon previous filings by Plaintiff's counsel regarding his hourly rate and the anticipated litigation activity that will be required to resolve this matter, experience and common sense demonstrate that Plaintiff seeks attorney's fees in excess of $75,000 in this matter. On information and belief, Plaintiff's attorney, Howard Rubinstein, charges an hourly rate of not less than $750 per hour. Litigation of this claim will require significant activity, including discovery and depositions regarding the labeling claim, motion practice, and other litigation activities through trial. Furthermore, trial of this matter is likely to be exceedingly complex. . ... All of these activities will easily generate over $75,000 in attorney's fees in this matter.

Not. of Removal at 6-7. While Defendant presents this argument, it has failed to provide the Court with *any evidence* regarding the probable amount of attorney's fees. Furthermore, based on the Court's experience, it is unlikely that this case, where Plaintiff is seeking "no more than $5,000" in actual damages, will be a protracted dispute resulting in significant attorney's fees. Plaintiff's claim falls within the jurisdiction of small claims court in state court. *See* Florida Small Claims Rule 7.010(b). Thus, Defendant failed to meet its burden of establishing that the amount in controversy in this action exceeded the jurisdictional threshold. Accordingly, it is

**ORDERED** that:

1) This case is **REMANDED** to the Fifteenth Judicial Circuit for Palm Beach County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of this action;

2) All pending motions are denied as **MOOT**;

3) This case is **CLOSED**.

**DONE AND ODERED** in Fort Lauderdale, Florida, this 23rd day of August, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record